**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NJINKENG ELVIS NCHABAUN,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1421 |

**OPINION**

Pending before the court is a third petition for habeas corpus filed pro se by petitioner Njinking Elvis Nchabaun ("Nchabaun" or "Petitioner") (ECF No. 1).[1] The government filed a response in opposition to the petition (ECF No. 5), and it is ripe for decision.

Background

The court issued an opinion and order on July 7, 2026, denying Nchabaun's prior petitions (Civ. No. 26-826, ECF Nos. 28, 29). The court recited the applicable procedural history, which will be summarized here. On December 26, 2024, Petitioner was ordered removed to Cameroon. On June 25, 2025, an immigration judge found Petitioner's fear of persecution to be credible. On appeal, however, the Board of Immigration Appeals ("BIA"), in a precedential decision in March 2026, held that the immigration judge clearly erred in the favorable credibility determination and remanded the matter for further proceedings. On June 4, 2026, another hearing in Nchabaun's removal proceedings took place. Nchabaun's application for asylum was denied, withholding of removal under the Immigration and Nationality Act (INA) § 241(b)(3) was denied

[1] Nchabaun filed substantially identical petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 at Civil Action Nos. 26-826 and 26-908. The Petition at Civil Action No. 26-908 was filed under a different name, Njinking Elvis.

and his Convention Against Torture claim was denied. He was ordered removed to Cameroon by the immigration judge. Petitioner represented that he would appeal the June 4, 2026 decision to the Board of Immigration Appeals and, if necessary, to the Third Circuit Court of Appeals (Civ. No. 26-826, ECF No. 28). The dismissals of the petitions were without prejudice to Petitioner's rights to: (1) seek discretionary release from the Attorney General; (2) file an appropriate civil rights action about the conditions of his confinement; and (3) file a new § 2241 habeas petition about alleged due process violations during the June 4, 2026 removal hearing.

Nchabaun, a citizen of Cameroon, argues in the third petition that his detention has become unduly prolonged because: (1) he has been detained for over 19 months without a bond hearing; and (2) there is no significant likelihood of removal because his appeal of the June 4, 2026 decision by the immigration judge remains pending (ECF No. 1). Nchabaun seeks either immediate release or another bond hearing at which Respondents bear the burden of proof. *Id.* at 8. The third petition does not acknowledge the court's decision with respect to his prior petitions.

Respondents argue the third petition should be denied. Respondents argue: (1) the petition constitutes "abuse of the writ" because nothing has changed since the court's July 7, 2026 order dismissing his prior petitions; (2) this court lacks subject-matter jurisdiction to consider challenges to the merits of the removal decision; and (3) the "no significant likelihood of removal" argument[2] is premature because he is not yet subject to a final removal order.

---

[2] This argument appears to be premised on *Zadvydas v. Davis*, 533 U.S. 678 (2001), which held that a six-month period after a final removal order is presumptively constitutional and explained that an alien may be held in confinement beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Discussion

The court will assume, without deciding, that the third petition raises a new claim related to Nchabaun's prolonged detention and does not constitute an "abuse of the writ." The court will consider it on its merits.

The court concludes that it has jurisdiction to consider a claim based on Nchabaun's continued detention without a bond hearing. The court is mindful that a petitioner "cannot plead around § 1252(b)(9) by calling his challenge to removal a challenge to his detention." *Khalil v. President, United States*, 164 F.4th 259, 277 (3d Cir. 2026) (interpreting 8 U.S.C. § 1252(b)(9)). That decision recognized, however, that an "alien could bring a prolonged detention challenge in federal district court despite § 1252(b)(9)." *Id.*

As the court explained in its prior decision, Nchabaun was subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), because he was originally placed in expedited removal proceedings and transferred to full proceedings after establishing a credible fear. The court explained that in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court rejected the argument that there was an implicit six-month limit on detention and commented: "§§ 1225(b)(1) and (b)(2) do not use the word 'may.' Instead, they unequivocally mandate that aliens falling within their scope 'shall' be detained." *Jennings,* 583 U.S. at 300. The Supreme Court reasoned that the existence of certain exceptions to detention, at the discretion of the Attorney General, implied that no other exceptions exist. *Id.* This court concluded that Nchabaun's continued detention was lawful, at least until the time of the reversal of the credible fear determination (i.e., March 2026). (Civ. No. 26-826, ECF No. 28).

It is unclear, under these circumstances, when continued detention after the reversal of the credible fear determination, but without a final removal order, might result in a constitutional

violation. *See Vasquez Gonzalez v. Oddo*, No. 3:25-CV-424, 2026 WL 1139544, at *4 (W.D. Pa. Apr. 28, 2026) ("Pre-removal order immigration detention, at some point, may become so prolonged that it offends due process."). In *Vasquez Gonzalez* and *Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026) (addressing "when, if ever, due process requires a new bond hearing for a detainee held under 8 U.S.C. § 1226(a) after an initial bond hearing"), the courts decided to apply the *German Santos* factors.[3] *Id.*

The court will apply the *German Santos* factors in this case, albeit with a caveat. The relief available under *German Santos* is an individualized bond hearing, not release. *German Santos*, 965 F.3d at 210 ("DUE PROCESS AFFORDS ALIENS DETAINED UNDER § 1226(C) A BOND HEARING ONCE DETENTION BECOMES UNREASONABLE"). Nchabaun did not cite any mandatory authority for this court to order his release. The majority of courts in this circuit limit relief to a bond hearing. *See Diarra v. Immigrations and Customs Enforcement*, No. 3:26-CV-01885, 2026 WL 2268287, at *3 (M.D. Pa. Aug. 6, 2026) (collecting decisions for the proposition that "[t]he remedy under *German Santos* is not release; it is the court ordering an individualized bond hearing").

With respect to the first *German Santos* factor, the duration of the detention, Nchabaun has been detained for approximately 20 months, since December 2024 (ECF No. 1 at 2). As explained above, however, that detention was mandatory pursuant to statute – at least until the reversal of the credible fear finding in March 2026. His detention since that time is less than six

[3] *See German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment).

months. Detentions of much longer duration have been held to not offend the Constitution where the removal process is proceeding and the government did not improperly delay it. *See Espinosa-Almonte v. Sabol*, No. 1:12-CV-2514, 2013 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (detention pending removal for 21 months not excessive). This factor weighs in favor of Respondents.

The second and third factors are neutral. The second factor, whether the detention is likely to continue, is unknown because neither party provided any information about the expected duration of Nchabaun's removal proceedings or his pending appeal.[4] In accordance with the third factor, any delay resulting from Nchabaun's good-faith challenge to his removal will not be held against him. Nchabaun did not produce any evidence that Respondents are causing delay.

With respect to the fourth factor, Nchabaun is being detained at Moshannon Valley ICE Processing Center ("Moshannon"). There are certainly aspects of the conditions at Moshannon that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Nchabaun 's conditions of confinement that are meaningfully different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Nchabaun is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Petitioner's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Upon weighing the *German Santos* factors, the court concludes that on this record, Nchabaun failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, Nchabaun was subject to mandatory detention, at

[4] The court notes Respondents' representations that Nchabaun is represented by counsel in his appeal and has twice unsuccessfully attempted to file the appeal. (ECF No. 7 at 2-3)

least until March 2026. The petition will be denied without prejudice to Nchabaun's ability to seek relief at a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

Conclusion

For the reasons set forth above, the third petition for habeas relief (ECF No. 1) will be denied.

An appropriate order follows.

Dated: August 25, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge